**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TRAVIS WELLS,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:15-0972** |
| | : | |
| **v.** | : | |
| | : | **(MANNION, D.J.)** |
| **CAROLYN W. COLVIN,** | : | **(COHN, M.J.)** |
| **Acting Commissioner** | : | |
| **of the Social Security** | | |
| **Administration,** | : | |
| | | |
| **Defendant** | : | |

**M E M O R A N D U M**

Pending before the court is the report and recommendation of Judge Cohn, (Doc. 22), recommending that plaintiff's appeal from the final decision of the Commissioner of Social Security be denied, and that the decision of the Commissioner be affirmed. Judge Cohn reviewed the record in this case pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claim for Disability Insurance Benefits ("DIB") under the Social Security Act, ("Act"). 42 U.S.C. §§401-433, 1381-1383f. Also at issue is the Commissioner's decision denying plaintiff's claim for Social Security Child's Insurance Benefits ("CIB") pursuant to 42 U.S.C. §402(d). The plaintiff, Travis Wells, has filed objections and a brief in support.[1] (Doc. 23, Doc. 23-1). The Commissioner

---

[1]Plaintiff is represented by counsel in this case. The court notes that since Judge Cohn stated the full procedural history of this case, (Doc. 22, at

responded to plaintiff's objections. (Doc. 24). Plaintiff filed a reply brief in support of his objections. (Doc. 25). For the following reasons, the report and recommendation is **ADOPTED** and plaintiff's appeal of the decision of the Commissioner will be **DENIED**.

**I.  STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)

---

1-2), and since plaintiff did not object to it, the court will not repeat it herein.

(explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

When reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552 (1988); Hartranft v. Apfel, 181 F.3d 358, 360. (3d Cir. 1999), Johnson, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401 (1971). Furthermore, in determining if the ALJ's decision is supported by substantial evidence the court may not parse the record but rather must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result

in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §423(d)(2)(A).

"In order to be entitled to [CIB] benefits as a disabled adult, a claimant must show that [he] is the child of an insured person who is disabled and is dependent on the insured, is unmarried, and was under a disability as defined in the SSA before [he] attained the age of 22." Roderick v. Comm'r of Soc. Sec., 322 Fed.Appx. 117, 120 (3d Cir. 2009) (citing 42 U.S.C. §§402(d)(1), 423(d)(1)(A)). Plaintiff lives with his father and disabled mother and, he claims he became disabled when he was 18 years old.

## II.  RELEVANT MEDICAL EVIDENCE

Judge Cohn's report and recommendation ("R&R") as well as the briefs

of the parties contain a thorough review of the plaintiff's medical history. The plaintiff did not file any objections to Judge Cohn's factual determinations regarding his medical history, so they will be adopted. *See* Butterfield v. Astrue, 2010 WL 4027768, *3 (E.D.Pa. Oct. 14, 2010) ("To obtain *de novo* determination of a magistrate[ ] [judge's] findings by a district court, 28 U.S.C. §636(b)(1) requires both timely and specific objections to the report.") (quoting Goney v. Clark, 749 F.2d 5, 6 (3d Cir.1984)). The court will restrict its discussion below to the relevant medical background as it pertains to the plaintiff's objections. Also, since the five-step legal framework for addressing a disability claim was properly stated in the R&R, (Doc. 22, at 10), and the findings of the ALJ at each step is in the record, (Doc. 10-2, at 30-39), the court incorporates by reference these portions of the R&R and the ALJ's decision.

## III.   DISCUSSION

The plaintiff raises four objections to the R&R claiming that Judge Cohn should have found the following errors were made by the Administrative Law Judge ("ALJ"): (1) the ALJ should have considered Listing 5.08 in regards to plaintiff's impairments; (2) the ALJ improperly evaluated the plaintiff's credibility; (3) the ALJ improperly rejected the lay statements of plaintiff's sister and mother; and (4) the ALJ failed to address plaintiff's low weight and

5

chronic fatigue at any step and erred in determining his RFC. These four issues are essentially identical to the issues plaintiff raised in his initial appeal regarding the decision of the ALJ denying his DIB and CIB claims that were addressed in the R&R. The court will now discuss plaintiff's objections to the R&R.

### A. Whether the ALJ Erred in Failing to Address Listing 5.08 in Regards to Plaintiff's Impairments

The ALJ did not consider Listing 5.08 in addressing plaintiff's impairments. Judge Cohn discussed this alleged error raised by plaintiff and found that the ALJ was correct in not considering Listing 5.08 since "plaintiff had not met his burden of proof to demonstrate that he [had] lost weight while receiving treatment at the same time" and since all of the elements of Listing 5.08 were not satisfied. (Doc. 22, at 13). Plaintiff contends that Judge Cohn improperly requires him to determine which listing the ALJ should consider and he improperly requires the court to make factual findings to justify the ALJ's failure to consider Listing 5.08.

Listing 5.08 requires "[w]eight loss due to any digestive disorder despite continuing treatment as prescribed, with BMI of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period." Since plaintiff and Judge Cohn state the evidence in the record, it shall not be repeated herein. It is well-settled that "[a] claimant bears the

burden of establishing each element of a Listing, or "all of the criteria in the listing." Weidman v. Colvin, –F.Supp.3d–, 2015 WL 5829788, *6 (M.D.Pa. Sept. 30, 2015) (quoting 20 C.F.R. §404.1525(d)). Moreover, "the claimant's impairment 'must meet *all* of the specified medical criteria [of a Listed Impairment]'" and "[a]n impairment that manifests only some of those criteria, no matter how severely, does not qualify." Roderick, 322 Fed.Appx. at 120 (citing Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992) (quoting Sullivan v. Zebley, 493 U.S. 521, 530, 110 S.Ct. 885 (1990)).

The court finds that since plaintiff's medical record as well as his testimony did not indicate that all of the elements of Listing 5.08 were present, it was proper for the ALJ not to consider this listing. No doubt that the ALJ "must clearly set forth the reasons for his decision", Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 504 (3d Cir. 2009) (citation omitted), and that "[p]utting the responsibility on the ALJ to identify the relevant listed impairment(s) is consistent with the nature of Social Security disability proceedings." Burnett v. Comm. of SSA, 220 F.3d 112, 120 n. 2 (3d Cir. 2000). However, the ALJ does not need to "employ particular 'magic' words" and "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis." Diaz, 577 F.3d at 504 (citation omitted).

Judge Cohn points out, (Doc. 22, at 13), that plaintiff failed "to direct the court to evidence of [his] 'continuing treatment as prescribed'" regarding a

7

digestive impairment which is a requirement of Listing 5.08 and, that during his hearing, the plaintiff responded no when the ALJ asked if he took any "nutritional drinks or bars or anything like that they've recommended."(citing Tr. 58).[2] Also, as the Commissioner points out, (Doc. 24 at 2), "the ALJ discussed plaintiff's timeline of treatment (Tr. 32-35) and failure to follow through with testing (Tr. 34) and 'significant lapse in treatment was noted in the records ... seen in 2007 and did not return until April 2011 to reestablish care.' (Tr. 35)."

As such, the court finds that the ALJ had a sufficient discussion of the evidence and there was an adequate explanation of reasoning to conduct a meaningful judicial review regarding the apparent decision not to specifically address Listing 5.08. The record did not contain all of the criteria of this listing and there was insufficient medical evidence that plaintiff had a digestive disorder.[3] *See* Sullivan, 493 U.S. at 531; 20 C.F.R. §416.920(d). (An impairment, no matter how severe, that meets or equals only some of the criteria for a listed impairment is not sufficient.); Kelly v. Comm'r of Soc. Sec., 2014 WL1235917, *4 (W.D.Pa. March 25, 2014) ("[T]o meet Listing 5.08, a claimant must show more than just a low BMI; he must also show that he suffered weight loss, and that the weight loss was due to a digestive disorder,

---

[2] "Tr." refers to the SSA transcript found at Doc. 10.

[3] *See* Doc. 10-7.

and not because of some other ailment or a lack of appetite.") (citation omitted).[4]

## B. Whether the ALJ Erred in Evaluating the Plaintiff's Credibility by Failing to Properly Evaluate His Symptoms

When the court reviews the ALJ's decision, "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." Walters v. Commissioner of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997) (citing Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 801 (10th Cir. 1991) ("We defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility.")).

Plaintiff argues Judge Cohn erred by finding that the ALJ properly evaluated his credibility since the ALJ did not perform a proper evaluation of his symptoms, namely by failing to discuss his low weight and how it would impact on his ability to work. In her decision, the ALJ acknowledged that plaintiff alleged in his DIB application he was not able to work based on

---

[4]In Kelly, 2014 WL1235917, *4, even though plaintiff had a digestive disorder, the court could not locate any evidence in the record demonstrating that plaintiff actually lost weight due to his digestive disorder. Thus, the court did not find that substantial evidence in the record showed that plaintiff met Listing 5.08.

"learning disability, Horner's syndrome, bone deformity, rib deformity, eating disorder, possibly anemic, gets dizzy and has passed out as a result, severely underweight and difficulty sleeping properly." (Doc. 10-2, at 33, Doc. 10-6, at 6). The ALJ also discussed plaintiff's complete medical history, including his low weight and his low BMI as well as the results of medical tests performed on him due to his inability to gain weight. (Doc. 10-2, at 34-36). The ALJ found that plaintiff's determinable impairments could reasonably be expected to cause his alleged symptoms. The ALJ found however that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (Id. at 33).

As Judge Cohn states, (Doc. 22, at 15), the ALJ did discuss plaintiff's medical records which showed he was fatigued and not able to gain weight. The ALJ also noted plaintiff's weight and BMI at his medical exams. Nonetheless, Judge Cohn states that the record showed plaintiff was able to perform his usual daily activities and the ALJ considered this fact. (Tr. 33, 59-60, 180-185). Judge Cohn also states that the ALJ explained the weight she afforded to the doctor's opinions which found plaintiff could still perform work despite his low body weight and fatigue. Further, as the Commissioner states, (Doc. 24 at 3), "Judge Cohn then discussed the ALJ's consideration of significant lapses in treatment" which can be used to show that plaintiff was

10

less credible.

Thus, the court agrees with Judge Cohn and finds that the ALJ properly evaluated the testimony of the plaintiff based on the entire record. The ALJ was not required to completely accept plaintiff's claims of his symptoms and limitations. *See* Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983) (providing that credibility determinations as to a claimant's testimony regarding the claimant's limitations are for the administrative law judge to make); *see also* Weidman, 2015 WL 5829788, *4 ("An ALJ's credibility finding with respect to the severity of a claimant's symptoms requires consideration of the entire record.") (citation omitted).

### C.  **Whether the ALJ Erred by Rejecting the Lay Statements of Plaintiff's Sister and Mother by Failing to Properly Evaluate His Symptoms**

Plaintiff contends that Judge Cohn erred in reviewing the ALJ's rejection of the lay statements of his sister and mother.

In her decision, (Doc. 10-2, at 37), the ALJ stated:

The claimant's sister, Helena Wells completed a Function Report and his mother, Kim Wells Helpers, submitted a letter on the claimant's behalf (Exhibits 4E & 10E). The undersigned gives this Report and Mrs. Helplers['] letter some but not great weight. Neither Helena Wells nor Mrs. Kim Wells Helpers is medically trained to make exacting observations as to the date, frequency types, and degrees of medical signs and symptoms, or the frequency or intensity of unusual moods or mannerisms. Therefore, significant weight cannot be given to their statements

> because they are not consistent with the preponderance of the opinions and observations by the medical doctors in this case. In addition, they cannot be considered a disinterested third party witnesses whose statements would not tend to be colored by affection for the claimant and a natural tendency to agree with the symptoms and limitations the claimant alleges.

Judge Cohn agreed with plaintiff "that presumed bias and lack of medical training are improper reasons to reject the lay testimony [of his sister and mother]." (Doc. 22, at 16) (citations omitted). Judge Cohn however found that the ALJ's error was harmless since the ALJ did not reject the statements of plaintiff's sister and mother only based on bias and lack of medical training. Rather, as indicated above, the ALJ explained that she did not afford significant weight to the statements since they were "not consistent with the preponderance of the opinions and observations by the medical doctors." As the Commissioner states, (Doc. 24 at 4), "the ALJ's opinion includes a thorough recitation of all of plaintiff's medical records concerning his mental and physical impairments, as well as the opinion evidence of record (Tr. 32-36)."

The court agrees with Judge Cohn that since the ALJ stated a sufficient reason to explain the weight she afforded to the statements of plaintiff's sister and mother and since the medical evidence supported her explanation, there is substantial evidence for the ALJ's determination.

**D. Whether the ALJ Erred by Failing to Address in the Sequential Inquiry Plaintiff's Low Weight and Chronic Fatigue**

Plaintiff argues that Judge Cohn erred by not addressing the ALJ's failure to address his low weight and chronic fatigue during any step in the sequential process. In his R&R, Judge Cohn did in fact address plaintiff's alleged error by the ALJ regarding his low weight and chronic fatigue. (Doc. 22, at 17-19). In particular, (Id., at 19), Judge Cohn stated:

> Although Plaintiff asserts to experience "frequent, debilitating fatigue" [] as discussed above, substantial evidence supported the ALJ's credibility determination that Plaintiff's alleged symptoms were not as debilitating as alleged, and reasonably relied on medical opinions where doctors opined that, notwithstanding Plaintiff's weight and complaints of fatigue, he could still perform work. (Tr. 33-36). The ALJ considered the evidence in totality, and substantial evidence supports the ALJ's allocation of weight to the medical opinions, determination that Plaintiff did not meet the Listing criteria, and credibility determination. Plaintiff did not meet his burden of showing that [his] fatigue and low weight impairments were severe. Bowen, 482 U.S. at 146 n. 5. Furthermore, substantial evidence supports the ALJ's ultimate conclusion regarding Plaintiff's limitations for the residual functional capacity.

The court has reviewed the record and agrees with Judge Cohn. The court also notes that the ALJ indicated in her RFC assessment that plaintiff "needs a sit/stand option, sitting 30 minutes and then standing 10 minutes per time." This limitation would accommodate plaintiff's alleged fatigue. The ALJ further found that plaintiff's "medically determinable impairments could reasonably be expected to cause [his] alleged symptoms", including his

13

fatigue and very low weight. Additionally, the ALJ gave great weight to Dr. Goyette's opinions that plaintiff was capable of frequently lifting and carrying up to 25 pounds and occasionally lifting and carrying up to 100 pounds, and that he can stand and walk up to 6 hours in an 8-hour workday and sit up to 8 hours in an 8-hour workday with a sit/stand option. Also considered by the ALJ was plaintiff's evaluation by a cardiologist in which he complained of fatigue. However, plaintiff's cardiac exam was within normal limits. The plaintiff's consultative exam was also within normal limits despite his low weight which was noted. (Doc. 10-2, at 32-36).

As such, the court concurs with Judge Cohn and finds that the ALJ properly considered the combined effect of all of plaintiff's impairments and symptoms, including his fatigue and low weight. *See* Watson v. Astrue, 2012 WL 406374, *7 (E.D.Pa. Jan. 19, 2012) ("It is settled that the 'Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.'" (citing Bailey v. Sullivan, 885 F.2d 52, 59–61 (3d Cir.1989); 42 U.S.C. §423(d)(2)(B); 20 C.F.R. §§ 404.1523, 416.923; and Social Security Ruling 96–8p ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'")).

## IV.  CONCLUSION

In light of the foregoing, Judge Cohn's report and recommendation, (Doc. 22), is **ADOPTED** and plaintiff's appeal, (Doc. 1), is **DENIED.** A separate order shall issue.

                                           s/ *Malachy E. Mannion*
                                           **MALACHY E. MANNION**
                                           **United States District Judge**

**Dated: September 29, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0972-01.wpd